IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br><br><br>vs.<br><br><br><br>STEVEN DELEON,<br><br>  Defendant. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S MOTION AND STIPULATION TO AMEND JUDGMENT & COMMITMENT<br><br><br><br><br><br>Case No. 1:07-CR-71 |

This matter is before the Court on Defendant's Motion and Stipulation to Amend Judgment & Commitment. Defendant asks this Court to amend his Judgment and Commitment to reflect that his federal sentence run concurrent with his state sentence. The government has stipulated to the Motion. Because the Court lacks the authority to grant Defendant the relief he requests, however, the Motion will be denied.

I. BACKGROUND

Defendant was sentenced in this matter on March 13, 2008, to a term of 18 months imprisonment. In his Motion, Defendant indicates that it was not known at the time of sentencing, but is clear now, that he was in primary state custody at the time of his sentencing.

Defendant was later sentenced in state court to a term not to exceed five years. The state court ordered that his state sentence run concurrently with his federal sentence. However, because he was in primary state custody at the time of his sentencing in this Court, Defendant's federal sentence will not begin to run until he has completed his state sentence.

Defendant asks this Court to amend the Judgment and Commitment to reflect that his federal sentence run concurrent with his state sentence.

## II.  DISCUSSION

"A district court does not have inherent authority to modify a previously imposed sentence; it may do so only pursuant to statutory authorization."[1] Because Defendant's Motion is not a direct appeal or a collateral attack under 28 U.S.C. § 2255, his Motion depends on 18 U.S.C. § 3582(c)[2] or Federal Rule of Criminal Procedure 36.

"Section 3582(c) . . . provides three avenues through which the court may 'modify a term of imprisonment once it has been imposed.'"[3]  "A court may modify a sentence: (1) in certain circumstances 'upon motion of the Director of the Bureau of Prisons'; (2) 'to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure'; or (3) 'upon motion of the defendant or the Director of the Bureau of Prisons,' or on the court's own motion in cases where the applicable sentencing range 'has subsequently been lowered by the Sentencing Commission.'"[4]

---

[1] *United States v. Mendoza*, 118 F.3d 707, 709 (10th Cir. 1997).

[2] *See United States v. Smartt*, 129 F.3d 539, 540 (10th Cir. 1997).

[3] *United States v. Blackwell*, 81 F.3d 945, 947(10th Cir. 1996).

[4] *Id*. at 947–48 (quoting 18 U.S.C. § 3582(c)(1)(A), (c)(1)(B), (c)(2).

None of these three avenues applies here.  There is no motion from the Director of the Bureau of Prisons, nor has Defendant's sentencing range been lowered by the Sentencing Commission.  Rule 35 is equally inapplicable.  Rule 35(a) provides that "[w]ithin 7 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error."  As Defendant brings this Motion well after the seven day period set out in Rule 35(a), the provision is inapplicable.[5]  Rule 35(b) provides for a reduction upon motion of the government.  Here, there is no motion by the government.  For these reasons, Section 3582(c) and Rule 35 are inapplicable.  Thus, the Court turns to Federal Rule of Criminal Procedure 36.

Rule 36 provides: "After giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission."  While Rule 36 "gives the court authority to correct clerical-type errors" it "does not authorize substantive sentencing modification."[6]  As Defendant seeks a substantive modification of his sentence, rather than to correct a clerical-type error, Rule 36 is inapplicable.

### III.  CONCLUSION

Defendant has provided no basis that would allow the Court to amend the Judgment in this case as Defendant seeks.  It is therefore

ORDERED that Defendant's Motion and Stipulation to Amend Judgment & Commitment (Docket No. 43) is DENIED.

---

[5] *United States v. Townsend*, 33 F.3d 1230, 1231 (10th Cir. 1994) (seven-day time limit imposed by Rule 35 is jurisdictional).

[6] *Blackwell*, 81 F.3d at 948–49.

DATED   November 17, 2008.

BY THE COURT:

_____
TED STEWART
United States District Judge